WALTER COLEMAN V. STATE

No. 27,369. February 2, 1955
Rehearing Denied March 30, 1955

*Clyde & Barnes,* by *Al Clyde,* Fort Worth, for appellant.

*Howard M. Fender,* Criminal District Attorney, *Randell C. Riley* and *Conard Florence,* Assistants Criminal District Attorney, Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The conviction is for murder without malice; the punishment, five years in the penitentiary.

The state's testimony shows an unprovoked and unjustified killing. Appellant's written confession shows a killing without malice. His testimony upon the trial shows a killing without

malice and in self-defense from the apparent attack of the deceased.

The jury accepted the appellant's version of the killing as one without malice, but rejected the self-defense theory.

An application for suspension of sentence was filed and supported by the necessary proof.

It is insisted that the claimed errors relied upon warrant a reversal of the case, because they militate against the granting of a suspension of the sentence.

Upon the development of the state's case in chief and after the brother of deceased had testified that he arrived at the scene of the killing prior to the arrival of the officers and after testifying as to the conditions existing at the time, the witness was asked by state's counsel:

"From your investigation of this thing, do you know of your own knowledge that this defendant shot your brother when he didn't have to shoot him?"

Appellant's objection to the question was promptly sustained, and the jury instructed not to consider it for any purpose.

While the question may have been improper, we are unable to see wherein it was of such nature as to constitute reversible error, especially in view of the fact that it was the state's theory of the killing, and evidence was introduced so showing, that appellant did not have to shoot and kill the deceased.

The witness Audrey Coleman, daughter of appellant, testified upon her direct examination by the appellant to facts touching his theory that the killing was without malice. Upon cross-examination she was asked by and replied to state's counsel as follows:

"Q. Do you remember your father running your elder sister off from home and your mother off from home about a year ago? A. No.

"Q. —with a pistol? A. No.

"Q. Have you seen him with a pistol since this—. A. No."

Appellant's objection to the questions and answers was sus-

tained and the jury was instructed not to consider the same for any purpose.

While the questions may have been improper and unauthorized, we cannot, in appraising the effect thereof upon the jury, lose sight of the fact that they were each answered in the negative. Any implication against the appellant by reason of the asking of the questions was thereby overcome.

In the light of the case as a whole, we are unable to agree with the appellant that reversible error is reflected notwithstanding the prompt withdrawal of the questions and answers from the consideration of the jury by the trial court.

The wife of appellant testified to facts supporting the theory of a lack of malice on his part. During her direct examination, the witness was interrogated by and answered appellant's counsel as follows:

"Q. Did you and Walter ever have any trouble? A. Not serious.

"Q. Family spats? A. Difficulty.

"Q. Did he take care of you and the children? A. Yes."

Upon cross-examination, state's counsel interrogated and was answered by the witness as follows:

"Q. Did Walter (appellant) run you and one of your daughters off away from home during the last year or two? A. No.

"Q. That didn't happen? A. No."

This testimony was objected to as being an attempt to impeach the witness. There was no objection that it was not proper cross-examination of the wife.

The conclusion is expressed that the cross-examination of the wife was authorized, in view of her direct testimony.

The jury having agreed with the appellant that the killing was without malice aforethought, appellant's requested charge seeking to have that issue more fully defined to the jury is untenable.

The special requested charge touching self-defense was prop-

erly refused because, as drawn and requested, it was upon the weight of the evidence.

No reversible error appearing, the judgment is affirmed.

### ON MOTION FOR REHEARING

DICE, Judge.

Appellant, in his motion for rehearing, insists that the questions propounded by state's counsel on cross-examination of his daughter and wife, when considered together, reflect a deliberate and wilful course of conduct on the part of state's counsel so as to show a studied attempt to prejudice the jury by the asking of improper questions.

As pointed out in our original opinion, the cross-examination of the wife was authorized in view of her direct testimony. Such cross-examination, being authorized, does not therefore show a studied attempt on the part of state's counsel to prejudice the jury by the asking of improper questions.

We remain convinced that the appeal was properly disposed of on the original submission. The motion for rehearing is therefore overruled.

Opinion approved by the Court.